**Matter of Michael E. LARKIN.**

No. 98S00–8907–DI–579.

Supreme Court of Indiana.

Oct. 19, 1993.

Jeffrey C. McDermott, Indianapolis, for respondent.

Charles M. Kidd, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

This case is before us on a Statement of Circumstances and Conditional Agreement for Discipline entered into by Michael Larkin, the Respondent, and the Indiana Supreme Court Disciplinary Commission, pursuant to Admission and Discipline Rule 23(11)(d). The Respondent was charged by a Verified Complaint for Disciplinary Action with violating Rules 1.2, 1.3, and 1.4 of the *Rules of Professional Conduct for Attorneys at Law*. Along with the tendered agreement, the Respondent has submitted his Affidavit pursuant to Admis.Disc.R. 23(17)(a).

We find that the agreement should be approved. In accordance therewith, we find that on April 4, 1986, Cecile June Meredith employed Respondent to represent her in a claim for medical malpractice against Dr. Bryce Rohrer and Elkhart General Hospital. During the following twenty-three (23) months, Meredith called Respondent a number of times in order to determine the status of her case. During that period of time she also met with the Respondent who advised her that the suit had been commenced, although it was not actually filed until sometime later.

On June 9, 1987, the Respondent filed a written Stipulation of Dismissal allowing for the dismissal of the hospital as defendant in the suit. The court approved the dismissal on the same day. Respondent did this without his client's knowledge or approval and never disclosed his unilateral dismissal. The dismissal, however, has not been challenged as inappropriate or otherwise contrary to law.

Thereafter, Meredith had difficulty contacting the Respondent because he had moved to Michigan without a forwarding address. Eventually, she located him and obtained his authorization to retain another attorney. On March 23, 1988, she met with the new attorney who was successful in contacting the Respondent and obtaining his agreement to forward Meredith's file.

These findings establish that Respondent engaged in misconduct as charged and

failed to abide by his client's decisions concerning the representation, in violation of Rule 1.2; he failed to act with reasonable diligence, in violation of Rule 1.3; and he failed to keep his client reasonably informed. The parties agree that the appropriate sanction is a public reprimand.

The Respondent was not charged with engaging in deceitful conduct, and this is not an issue in the merits of this case. However, in evaluating the proposed sanction, we find disturbing Respondent's untruthful representation that the suit had already been commenced when, in fact, it had not. This renders his misconduct far more serious than the negligent oversight and failure to communicate.

On the other hand, we note that the Commission has agreed that several mitigating factors exist. During the period of misconduct, the Respondent was under tremendous stress due to his divorce and personal bankruptcy. The client's lawsuit was eventually settled for approximately two to three thousand dollars, and Respondent's actions did not prejudice the outcome of that proceeding. Although he did not disclose this to his client, Respondent felt that he was legally required to dismiss the hospital as defendant in the case. He received no financial gain, cooperated with the subsequent attorney, and was remorseful and apologetic. He has no prior history of disciplinary actions.

The intent of Admis.Disc.R. 23(1)(d), pursuant to which this agreement is being tendered, is to encourage appropriate, agreed disposition of disciplinary matters. That consideration, the Commission's experienced assessment of the circumstances of the case, their agreement to the existence of compelling mitigating factors, and the lack of harm to the client's interests, persuade us to approve the proposed sanction of public reprimand. We, thus, conclude that the agreement should be approved.

It is, therefore, ordered that Michael E. Larkin is hereby reprimanded and admonished for his misconduct.

Costs are assessed against the Respondent.